**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MSN LABORATORIES PRIVATE LTD. and MSN PHARMACEUTICALS INC.,<br><br>Defendants. | Civil Action No.____________ |

## COMPLAINT

Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc. (collectively, "Taiho" or "Plaintiffs"), for their Complaint for Patent Infringement and Declaratory Judgment against MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN" or "Defendant") allege as follows:

## THE PARTIES

1. Plaintiff Taiho Pharmaceutical Co., Ltd. is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-27 Kandanishiki-cho, Chiyoda-ku, Tokyo 101-8444, Japan.

2. Plaintiff Taiho Oncology, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 101 Carnegie Center, Suite 101, Princeton, New Jersey 08540.

3. Upon information and belief, defendant MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of the Republic of India, having a principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad 500018, Telangana, India.

4. Upon information and belief, defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.

5. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. are in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic pharmaceutical products throughout the United States, including Delaware.

6. Upon information and belief, MSN Pharmaceuticals Inc. is a subsidiary of MSN Laboratories Private Ltd.

7. Upon information and belief, MSN Pharmaceuticals Inc. has been designated as the United States agent for MSN Laboratories Private Ltd. in accordance with 21 C.F.R. § 314.50(a) in connection with one or more Abbreviated New Drug Applications ("ANDAs").

8. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. acted in concert to prepare and submit MSN's ANDA No. 214024 (tipiracil HCl/trifluridine oral tablets) ("MSN's ANDA Product") to the United States Food and Drug Administration ("FDA").

9. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. are agents of each other and/or operate in concert as integrated parts of the

same business group, including with respect to MSN's ANDA Product, and enter into agreements with each other that are nearer than arm's length.

10. Upon information and belief, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. participated in, assisted with, and cooperated in the acts complained of herein.

11. Upon information and belief, following any FDA approval of MSN's ANDA, MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. will act in concert to manufacture, market, distribute, and/or sell MSN's ANDA Product throughout the United States, including within the State of Delaware.

## NATURE OF THE ACTION

12. This is a civil action for infringement of U.S. Patent Nos. RE46,284 E ("the '284 patent") and 9,527,833 B2 ("the '833 patent") (collectively, "the patents-in-suit") arising under the United States Patent Laws, Title 35, United States Code § 100, *et seq.*, and in particular under § 271, as well as a civil action for declaratory judgment of patent infringement of the patents-in-suit under 28 U.S.C. §§ 2201-02. Taiho seeks declaratory relief, injunctive relief, attorneys' fees, and any other relief the Court deems just and proper.

13. This action relates to ANDA No. 214024, which MSN filed or caused to be filed under 21 U.S.C. § 355(j) with the FDA, for approval to manufacture, use, and/or offer for sale a generic copy of Taiho's Lonsurf® (trifluridine and tipiracil) tablets throughout the United States prior to the expiration of the patents-in-suit.

## JURISDICTION AND VENUE

14. This is a civil action for infringement arising under the United States Patent Laws, including 35 U.S.C. § 271, as well as a civil action for declaratory judgment of patent infringement under 28 U.S.C. §§ 2201-02.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201-02.

16. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

17. This Court has personal jurisdiction over MSN Laboratories Private Ltd. because, *inter alia*, MSN Laboratories Private Ltd., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware; (3) owns subsidiaries that are organized under the laws of the State of Delaware; (4) maintains a broad distribution network within the State of Delaware; and/or (5) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

18. Upon information and belief, MSN Laboratories Private Ltd. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

19. Upon information and belief, MSN Laboratories Private Ltd. has substantial, continuous, and systematic contacts with the State of Delaware including MSN Laboratories Private Ltd.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

20. Upon information and belief, MSN Laboratories Private Ltd., and/or its subsidiaries, affiliates, or agents intends to engage in the commercial manufacture and sale of MSN's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

21. Upon information and belief, MSN Laboratories Private Ltd., and/or its subsidiaries, affiliates, or agents, intends to place MSN's ANDA Product into the stream of commerce with the reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

22. Upon information and belief, MSN Laboratories Private Ltd. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

23. MSN Laboratories Private Ltd. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, *inter alia*, of *Vanda Pharm. Inc. v. MSN Pharm. Inc. et al.*, 19-cv-926 (D. Del.); *Genentech, Inc. et al. v. MSN Laboratories Private Ltd. et al.*, 19-cv-205 (D. Del.); *H. Lundbeck A/S et al. v. MSN Laboratories Private Ltd.*, 18-cv-114 (D. Del.); *Wyeth LLC et al. v. MSN Laboratories Private Ltd.*, 17-cv-233 (D. Del.); and *Millennium Pharm., Inc. v. MSN Laboratories Private Ltd.*, 16-cv-1255 (D. Del.).

24. Upon information and belief, MSN Laboratories Private Ltd. participated in the preparation, development, and filing of ANDA No. 214024, and its underlying subject matter, with the intent to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware. Taiho's causes of action arise from MSN Laboratories Private Ltd.'s contact with the State of Delaware.

25. Venue is proper in this Judicial District as to MSN Laboratories Private Ltd. because, *inter alia*, MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this Judicial District.

26. This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware. MSN Pharmaceuticals Inc. has a registered agent located at 300 Delaware Avenue Suite 210-A, Wilmington, Delaware, 19801. This court also has personal jurisdiction over MSN Pharmaceuticals Inc. because, *inter alia*, MSN Pharmaceuticals Inc., upon information and belief: (1) has substantial, continuous, and systematic contacts with the State of Delaware; (2) intends to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware; (3) maintains a broad distribution network within the State of Delaware; and/or (4) enjoys substantial income from sales of its generic pharmaceutical products in the State of Delaware.

27. Upon information and belief, MSN Pharmaceuticals Inc. has purposely availed itself of this forum by making, using, importing, selling, or offering to sell pharmaceutical products in the State of Delaware, or causing others to do the same, and therefore can reasonably expect to be subject to jurisdiction in the Delaware courts.

28. Upon information and belief, MSN Pharmaceuticals Inc. has substantial, continuous, and systematic contacts with the State of Delaware including MSN Pharmaceuticals Inc.'s engagement in the direct marketing, distribution, and/or sale of generic pharmaceutical drugs within the State of Delaware.

29. Upon information and belief, MSN Pharmaceuticals Inc., and/or its subsidiaries, affiliates, or agents intends to engage in the commercial manufacture and sale of MSN's ANDA Product, if approved by the FDA, before the expiration of the patents-in-suit throughout the United States, including in this Judicial District, and to derive substantial revenue therefrom.

30. Upon information and belief, MSN Pharmaceuticals Inc., and/or its subsidiaries, affiliates, or agents, intends to place MSN's ANDA Product into the stream of commerce with the

reasonable expectation or knowledge, and the intent, that such product will be purchased and used by consumers in this Judicial District.

31. Upon information and belief, MSN Pharmaceuticals Inc. regularly conducts and/or solicits business in the State of Delaware, engages in other persistent courses of conduct in the State of Delaware, and/or derives substantial revenue from the services or products used or consumed in the State of Delaware.

32. MSN Pharmaceuticals Inc. has previously submitted to the jurisdiction of this Court and has availed itself of the legal protections of the State of Delaware, including by having asserted counterclaims in this jurisdiction in the matters, *inter alia*, of *Vanda Pharm. Inc. v. MSN Pharm. Inc. et al.*, 19-cv-926 (D. Del.); *Genentech, Inc. et al. v. MSN Laboratories Private Ltd. et al.*, 19-cv-205 (D. Del.); *AstraZeneca AB et al. v. MSN Pharm. Inc. et al.*, 18-cv-2051 (D. Del.); *H. Lundbeck A/S et al. v. MSN Laboratories Private Ltd.*, 18-cv-114 (D. Del.); *Wyeth LLC et al. v. MSN Laboratories Private Ltd.*, 17-cv-233 (D. Del.); and *Onyx Therapeutics, Inc. v. MSN Pharm. Inc. et al.*, 16-cv-999 (D. Del.).

33. Upon information and belief, MSN Pharmaceuticals Inc. participated in the preparation, development, and filing of ANDA No. 214024, and its underlying subject matter, with the intent to market, sell, and/or distribute MSN's ANDA Product to the residents of the State of Delaware. Taiho's causes of action arise from MSN Pharmaceuticals Inc.'s contact with the State of Delaware.

34. Venue is proper in this Judicial District as to MSN Pharmaceuticals Inc. because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this Judicial District.

## LONSURF®

35. Plaintiff Taiho Oncology, Inc. is the holder of the New Drug Application ("NDA") No. 207981 for the manufacture and sale of trifluridine and tipiracil tablets, 15mg and 20 mg, and sells the product in the United States under the registered trademark Lonsurf®.

36. The FDA approved NDA No. 207981 for the 15mg and 20mg tablets on September 22, 2015.

37. Plaintiff Taiho Oncology, Inc. sells and distributes Lonsurf® throughout the United States pursuant to NDA No. 207981.

38. Lonsurf® is indicated for the treatment of metastatic colorectal cancer that has been previously treated with fluoropyrimidine-, oxaliplatin-, and irinotecan-based chemotherapy, an anti-VEGF biological therapy, and if RAS wild-type, an anti-EGFR therapy as well as the treatment of metastatic gastric or gastroesophageal junction adenocarcinoma previously treated with at least two prior lines of chemotherapy that included a fluoropyrimidine, a platinum, either a taxane or irinotecan, and if appropriate, HER2/neu-targeted therapy. A copy of the February 22, 2019 Lonsurf® Label is attached as Exhibit A.

## PATENTS-IN-SUIT

39. The '284 patent, entitled "Method of Administrating an Anticancer Drug Containing α,α,α-Trifluorothymidine and Thymidine Phosphorylase Inhibitor," was duly and legally reissued by the United States Patent and Trademark Office ("USPTO") on January 24, 2017. Taiho Pharmaceutical Co., Ltd. is the owner of all the right, title, and interest in and to the '284 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. A certified copy of the '284 patent is attached as Exhibit B.

40. Pursuant to Federal Food, Drug, and Cosmetic Act ("FFD&C Act"), 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Taiho has submitted information concerning the

‘284 patent to the FDA in connection with NDA No. 207981, identifying it as a patent “with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug.” The ‘284 patent has been listed in the FDA’s Orange Book as covering Lonsurf® and methods for using it.

41. Claim 1 of the ‘284 patent is directed, *inter alia*, to a method for treating at least one of a digestive cancer and a breast cancer, comprising (i) orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ration of 1:0.5 at a dose of 50 to 70 $mg/m^2/day$ in terms of FTD in 2 divided portions per day to a human patient in need of treatment of at least one of a digestive cancer and a breast cancer, (ii) wherein the administration of a daily dose of said composition is in 2 portions per day for 5 days followed by 2 days off treatment in the week on a one-week dosing schedule wherein $m^2$ is the human patient’s body surface area.

42. Claim 18 of the ‘284 patent is directed, *inter alia*, to a method for treating colorectal cancer comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 70 $mg/m^2/day$ in terms of FTD in 2 divided portions per day at a dosing interval of 6 hours or more wherein the administration of said dose is for 5 days followed by 2 days off treatment in a one-week dosing schedule wherein $m^2$ is the human patient's body surface area.

43. The approved Lonsurf® product labeling instructs medical personnel and/or patients to perform the steps of at least one claim of the ‘284 patent.

44. The use of Lonsurf® by patients and/or medical personnel in accordance with its approved product labeling by medical personnel and/or patients necessarily results in the performance of each step of at least one claim of the ‘284 patent.

45. The '833 patent, entitled "Stable Crystal Form of Tipiracil Hydrochloride and Crystallization Method for the Same," was duly and legally issued by the USPTO on December 27, 2016. A reexamination certificate issued for the '833 patent on September 16, 2019. Taiho Pharmaceutical Co., Ltd. is the owner of all the right, title, and interest in and to the '833 patent by assignment and therefore has the full right to sue and recover for the infringement thereof. A certified copy of the '833 patent is attached as Exhibit C.

46. Pursuant to FFD&C Act, 21 U.S.C. § 355(b)(1) and corresponding FDA regulations, Taiho has submitted information concerning the '833 patent to the FDA in connection with NDA No. 207981, identifying it as a patent "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug." The '833 patent has been listed in the FDA's Orange Book as covering Lonsurf® and methods for using it.

47. Claim 1 of the '833 patent is directed, *inter alia*, to a crystal of 5-chloro-6-(2-iminopyrrolidin-1-yl)methyl-2,4(1H-3H)-pyrimidinedione hydrochloride, which is crystal Form I, exhibiting peaks at two or more angles selected from the group consisting of 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° as a diffraction angle (2θ±0.1°) in powder X-ray diffraction.

48. The Lonsurf® product and its approved labeling describe a product that embodies at least one claim of the '833 patent.

## MSN'S ANDA PRODUCT

49. Upon information and belief, pursuant to FFD&C Act, 21 U.S.C. § 355(j), MSN submitted ANDA No. 214024 to the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of MSN's ANDA Product within the United States prior to the expiration of the patents-in-suit.

50. Upon information and belief, MSN's ANDA No. 214024 identified Taiho's Lonsurf® (trifluridine and tipiracil) tablets and included a written certification, as required by FFD&C Act, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (the "Paragraph IV certification"), alleging that the claims of the '284 and '833 patents are invalid or otherwise will not be infringed by MSN's ANDA Product.

51. On or about November 18, 2019, Taiho received a letter from MSN purporting to be a written notice that MSN had filed ANDA No. 214024 seeking approval to market MSN's ANDA Product prior to the expiration of the '284 and '833 patents, pursuant to FFD&C Act, 21 U.S.C. § 355(j)(2)(B) (the "Paragraph IV notice letter"). The Paragraph IV notice letter included notice of MSN's allegations that the '284 and '833 patents are invalid and/or not infringed by MSN's ANDA Product.

52. MSN's submission of ANDA No. 214024, including the Paragraph IV certification, to the FDA constituted infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2).

53. MSN's anticipated commercial manufacture, use, sale, offer for sale, and/or importation of MSN's ANDA Product upon approval of ANDA No. 214024 and before expiration of the patents-in-suit will infringe at least claims 1 and 18 of the '284 patent, and at least claim 1 of the '833 patent under 35 U.S.C. § 271(a), (b), and/or (c).

54. MSN purported to include an Offer of Confidential Access ("the MSN Offer") to Taiho to ANDA No. 214024 along with its Paragraph IV Letter. Under the FFD&C Act, 21 U.S.C. § 355(j)(5)(C)(III), an Offer of Confidential Access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

55. The MSN Offer contained various obligations and/or restrictions, above and beyond those that would apply under a typical protective order. For example, the MSN Offer unreasonably restricted who could have access to the ANDA materials and what activities those persons could engage in after receiving access to the ANDA materials. In addition, the restrictions imposed by the MSN Offer were not sufficiently directed to the purpose of protecting trade secrets and other confidential business information.

56. Since receiving MSN's Paragraph IV letter, Taiho has attempted to negotiate with MSN to procure a copy of the ANDA and to reach an agreement on the terms and conditions of the MSN Offer. These negotiations have been unsuccessful and the parties did not reach an agreement. For example, MSN's most recent proposal continues to unduly restrict the activities of outside counsel and in-house professionals who would accept access to the ANDA materials, and goes beyond such restrictions as would apply had a protective order been entered.

57. Taiho is not aware of any other means for obtaining information regarding MSN's proposed generic product within the 45-day statutory period. In the absence of such information, Taiho resorts to the judicial process and the aid of discovery to obtain, under appropriate judicial safeguards, such information as is required to confirm its allegations of infringement and to present to the court evidence that MSN's proposed generic product falls within the scope of one or more claims of the patents-in-suit.

58. Taiho commenced this action within 45 days of receiving MSN's Paragraph IV notice letter.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE46,284**

59. Paragraphs 1-58 are incorporated by reference as though fully set forth herein.

60. Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets according to the Lonsurf® product labeling satisfies at least claims 1 and 18 of the '284 patent.

61. Upon information and belief, MSN's ANDA Product has the same use as Lonsurf®, at least because MSN's ANDA No. 214024 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

62. Upon information and belief, the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

63. Upon information and belief, MSN's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf®.

64. Upon information and belief, MSN's ANDA Product, or the use or manufacture thereof, is covered by at least claims 1 and 18 of the '284 patent.

65. MSN's submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN's ANDA Product prior to the expiration of the '284 patent constitutes infringement of at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(e)(2).

66. Claim 1 of the '284 patent recites "A method for treating at least one of a digestive cancer and a breast cancer, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 50 to 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day to a human patient in need of treatment of at least one of a digestive cancer and a breast cancer, wherein the administration of a daily dose of said composition is in 2 portions per day for 5 days followed by 2 days off treatment in the week on a one-week dosing schedule wherein $m^2$ is the human patient's body surface area."

67. Discovery will likely show that the product labeling for MSN's ANDA Product will instruct medical personnel and/or patients to treat a digestive cancer by orally administering

a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 50 to 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day to a human patient in need of treatment of a digestive cancer, wherein the administration of a daily dose of said composition is in 2 portions per day for 5 days followed by 2 days off treatment in the week on a one-week dosing schedule wherein $m^2$ is the human patient's body surface area. Discovery will also likely show that the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

68. Claim 18 of the '284 patent recites "A method for treating colorectal cancer in a human patient, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day at a dosing interval of 6 hours or more wherein the administration of said dose is for 5 days followed by 2 days off treatment in a one-week dosing schedule wherein $m^2$ is the human patient's body surface area."

69. Discovery will likely show that the product labeling for MSN's ANDA Product will instruct medical personnel and/or patients to treat colorectal cancer in a human patient, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day at a dosing interval of 6 hours or more wherein the administration of said dose is for 5 days followed by 2 days off treatment in a one-week dosing schedule wherein $m^2$ is the human patient's body surface area. Discovery will also

likely show that the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

70. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

71. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '284 patent, with knowledge of said patent and said infringement.

72. Upon information and belief, the proposed product labeling for MSN's ANDA will instruct medical personnel and/or patients to perform the steps of at least claims 1 and 18 of the '284 patent.

73. Upon information and belief, the use of MSN's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claims 1 and 18 of the '284 patent.

74. Upon information and belief, MSN specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that MSN knows infringe at least claims 1 and 18 of the '284 patent.

75. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(c) by selling or offering to sell MSN's ANDA Product in the United States, with knowledge of the '284 patent and that there is no substantial non-infringing use of MSN's ANDA Product.

76. Upon information and belief, MSN knows that MSN's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claims 1 and 18 of the '284 patent.

77. MSN's ANDA Product constitutes a material part of the invention covered by at least claims 1 and 18 of the '284 patent.

78. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the '284 patent expires, including any patent term and regulatory extensions.

79. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Taiho is entitled to a permanent injunction against further infringement. Taiho will be substantially and irreparably harmed if MSN's infringement of the '284 patent is not enjoined. Further, Taiho does not have an adequate remedy at law.

80. Upon information and belief, MSN was aware of the '284 patent prior to MSN submitting its Paragraph IV certification, and at least as early as September 23, 2019, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without reasonable basis for a good faith belief that it would not be liable for infringing the '284 patent.

## COUNT II – DECLARATORY JUDGMENT FOR INFRINGEMENT OF U.S. PATENT NO. RE46,284

81. Paragraphs 1-80 are incorporated by reference as though fully set forth herein.

82. Administration of Taiho's Lonsurf® (trifluridine and tipiracil) tablets according to the Lonsurf® product labeling satisfies at least claims 1 and 18 of the '284 patent.

83. Upon information and belief, MSN's ANDA Product has the same use as Lonsurf®, at least because MSN's ANDA No. 214024 refers to and relies upon Taiho's NDA No. 207981 for Lonsurf®.

84. Upon information and belief, the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

85. Upon information and belief, MSN's ANDA Product, if approved by the FDA, will be administered by medical personnel and/or patients in the same manner as Lonsurf®.

86. Upon information and belief, MSN's ANDA Product, or the use or manufacture thereof, is covered by at least claims 1 and 18 of the '284 patent.

87. MSN's submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN's ANDA Product prior to the expiration of the '284 patent constitutes infringement of at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(e)(2).

88. Claim 1 of the '284 patent recites "A method for treating at least one of a digestive cancer and a breast cancer, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 50 to 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day to a human patient in need of treatment of at least one of a digestive cancer and a breast cancer, wherein the administration of a daily dose of said composition is in 2 portions per day for 5 days followed by 2 days off treatment in the week on a one-week dosing schedule wherein $m^2$ is the human patient's body surface area."

89. Discovery will likely show that the product labeling for MSN's ANDA Product will instruct medical personnel and/or patients to treat a digestive cancer by orally administering

a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 50 to 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day to a human patient in need of treatment of a digestive cancer, wherein the administration of a daily dose of said composition is in 2 portions per day for 5 days followed by 2 days off treatment in the week on a one-week dosing schedule wherein $m^2$ is the human patient's body surface area. Discovery will also likely show that the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

90. Claim 18 of the '284 patent recites "A method for treating colorectal cancer in a human patient, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day at a dosing interval of 6 hours or more wherein the administration of said dose is for 5 days followed by 2 days off treatment in a one-week dosing schedule wherein $m^2$ is the human patient's body surface area."

91. Discovery will likely show that the product labeling for MSN's ANDA Product will instruct medical personnel and/or patients to treat colorectal cancer in a human patient, comprising orally administering a composition comprising α,α,α-trifluorothymidine (FTD) and 5-chloro-6-(1-(2-iminopyrrolidinyl)methyl)uracil hydrochloride in a molar ratio of 1:0.5 at a dose of 70 $mg/m^2$/day in terms of FTD in 2 divided portions per day at a dosing interval of 6 hours or more wherein the administration of said dose is for 5 days followed by 2 days off treatment in a one-week dosing schedule wherein $m^2$ is the human patient's body surface area. Discovery will also

likely show that the proposed product labeling for MSN's ANDA Product is substantially the same as the approved product labeling for Lonsurf®.

92. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

93. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '284 patent, with knowledge of said patent and said infringement.

94. Upon information and belief, the proposed product labeling for MSN's ANDA will instruct medical personnel and/or patients to perform the steps of at least claims 1 and 18 of the '284 patent.

95. Upon information and belief, the use of MSN's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claims 1 and 18 of the '284 patent.

96. Upon information and belief, MSN specifically intends to cause others, specifically for example, medical personnel and/or patients, to perform acts that MSN knows infringe at least claims 1 and 18 of the '284 patent.

97. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claims 1 and 18 of the '284 patent under 35 U.S.C. § 271(c) by selling or offering to sell MSN's ANDA Product in the United States, with knowledge of the '284 patent and that there is no substantial non-infringing use of MSN's ANDA Product.

98. Upon information and belief, MSN knows that MSN's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing at least claims 1 and 18 of the '284 patent.

99. Upon information and belief, MSN was aware of the '284 patent prior to MSN submitting its Paragraph IV certification, and at least as early as September 23, 2019, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95.

100. Upon information and belief, MSN acted, and upon the FDA's approval of ANDA No. 214024, will act, without a reasonable basis for a good faith belief that it would not be liable for directly and indirectly infringing the '284 patent.

101. Pursuant to 28 U.S.C. § 2201, Taiho is entitled to a declaratory judgment that MSN's making, using, offering to sell, selling and/or importing MSN's ANDA Product, inducement therefor or contribution thereto, will infringe the '284 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

102. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 271(e)(4)(A), Taiho is entitled to a declaratory judgment that the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the '284 patent expires, including any patent term and regulatory extensions.

103. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of MSN's ANDA Product with its proposed labeling, or any other MSN drug that is covered by or whose use is covered by the '284 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '284 patent, and that the claims of the '284 patent are not invalid.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,527,833

104. Paragraphs 1-103 are incorporated by reference as though fully set forth herein.

105. Taiho's Lonsurf® (trifluridine and tipiracil) tablets meet every limitation of at least claim 1 of the '833 patent.

106. Upon information and belief, MSN's ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the '833 patent.

107. MSN's submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN's ANDA Product prior to the expiration of the '833 patent constitutes infringement of at least claim 1 of the '833 patent under 35 U.S.C. § 271(e)(2).

108. Claim 1 of the '833 patent recites "A crystal of 5-chloro-6-(2-iminopyrrolidin-1-yl)methyl-2,4(1H,3H)-pyrimidinedione hydrochloride, which is crystal Form I, exhibiting peaks at two or more angles selected from the group consisting of 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° as a diffraction angle (2θ±0.1°) in powder X-ray diffraction."

109. MSN's ANDA Product contains tipiracil HCl as one of its active ingredients. Discovery will likely show that MSN's ANDA Product contains a crystal of 5-chloro-6-(2-iminopyrrolidin-1-yl)methyl-2,4(1H,3H)-pyrimidinedione hydrochloride, which is crystal Form I, that exhibits peaks at two or more angles from the group consisting of 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° as a diffraction angle (2θ±0.1°) in powder X-ray diffraction.

110. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '833 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

111. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '833 patent under 35 U.S.C. § 271(b) by intentionally

encouraging, aiding, and abetting acts of direct infringement of the ‘833 patent, with knowledge of said patent and said infringement.

112. Upon information and belief, the use of MSN’s ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the ‘833 patent.

113. Upon information and belief, upon the FDA’s approval of ANDA No. 214024, MSN will infringe at least claim 1 of the ‘833 patent under 35 U.S.C. § 271(c) by selling and offering to sell MSN’s ANDA Product in the United States, with knowledge of the ‘833 patent and that there is no substantial non-infringing use of MSN’s ANDA Product.

114. Upon information and belief, MSN knows that MSN’s ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing one or more claims of the ‘833 patent.

115. MSN’s ANDA Product constitutes a material part of the invention covered by the claims of the ‘833 patent.

116. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the ‘833 patent expires, including any patent term and regulatory extensions.

117. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Taiho is entitled to a permanent injunction against further infringement. Taiho will be substantially and irreparably harmed if MSN’s infringement of the ‘833 patent is not enjoined. Further, Taiho does not have an adequate remedy at law.

118. Upon information and belief, MSN was aware of the ‘833 patent prior to MSN submitting its Paragraph IV certification, and at least as early as September 23, 2019, as well as

the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95, and acted without a reasonable basis for a good faith belief that it would not be liable for infringing the ‘833 patent.

**COUNT IV – DECLARATORY JUDGMENT FOR INFRINGEMENT OF U.S. PATENT NO. 9,857,833**

119. Paragraphs 1-118 are incorporated by reference as though fully set forth herein.

120. Taiho’s Lonsurf® (trifluridine and tipiracil) tablets meet every limitation of at least claim 1 of the ‘833 patent.

121. Upon information and belief, MSN’s ANDA Product, or the use or manufacture thereof, is covered by at least claim 1 of the ‘833 patent.

122. Claim 1 of the ‘833 patent recites “A crystal of 5-chloro-6-(2-iminopyrrolidin-1-yl)methyl-2,4(1H,3H)-pyrimidinedione hydrochloride, which is crystal Form I, exhibiting peaks at two or more angles selected from the group consisting of 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° as a diffraction angle (2θ±0.1°) in powder X-ray diffraction.”

123. MSN’s ANDA Product contains tipiracil HCl as one of its active ingredients. Discovery will likely show that MSN’s ANDA Product contains a crystal of 5-chloro-6-(2-iminopyrrolidin-1-yl)methyl-2,4(1H,3H)-pyrimidinedione hydrochloride, which is crystal Form I, that exhibits peaks at two or more angles from the group consisting of 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° as a diffraction angle (2θ±0.1°) in powder X-ray diffraction.

124. MSN’s submission of ANDA No. 214024 and its Paragraph IV certification seeking FDA approval to commercially manufacture, use, sell, offer to sell, or import MSN’s ANDA Product prior to the expiration of the ‘833 patent constitutes infringement of at least claim 1 of the ‘833 patent under 35 U.S.C. § 271(e)(2).

125. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '833 patent under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, or importing MSN's ANDA Product in the United States.

126. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '833 patent under 35 U.S.C. § 271(b) by intentionally encouraging, aiding, and abetting acts of direct infringement of the '833 patent, with knowledge of said patent and said infringement.

127. Upon information and belief, the use of MSN's ANDA Product, if approved and when administered by medical personnel and/or patients, in accordance with the proposed labeling, will induce medical personnel and/or patients to infringe at least claim 1 of the '833 patent.

128. Upon information and belief, upon the FDA's approval of ANDA No. 214024, MSN will infringe at least claim 1 of the '833 patent under 35 U.S.C. § 271(c) by selling and offering to sell MSN's ANDA Product in the United States, with knowledge of the '833 patent and that there is no substantial non-infringing use of MSN's ANDA Product.

129. Upon information and belief, MSN knows that MSN's ANDA Product and its proposed labeling, if approved, will be specifically made or adapted for use in infringing one or more claims of the '833 patent.

130. Upon information and belief, MSN was aware of the '833 patent prior to MSN submitting its Paragraph IV certification, and at least as early as September 23, 2019, as well as the statutory provisions and regulations set forth in 21 U.S.C. § 355 and 21 C.F.R. § 314.95.

131. Upon information and belief, MSN acted, and upon the FDA's approval of ANDA No. 214024, will act, without a reasonable basis for a good faith belief that it would not be liable for directly and indirectly infringing the '833 patent.

132. Pursuant to 28 U.S.C. § 2201, Taiho is entitled to a declaratory judgment that MSN's making, using, offering to sell, selling and/or importing MSN's ANDA Product, inducement therefor or contribution thereto, will infringe the '833 patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

133. Pursuant to 28 U.S.C. § 2201 and 35 U.S.C. § 271(e)(4)(A), Taiho is entitled to a declaratory judgment that the effective date of any approval of ANDA No. 214024 shall be no earlier than the date on which the '833 patent expires, including any patent term and regulatory extensions.

134. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of MSN's ANDA Product with its proposed labeling, or any other MSN drug that is covered by or whose use is covered by the '833 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '833 patent, and that the claims of the '833 patent are not invalid.

## **REQUEST FOR RELIEF**

WHEREFORE, Taiho respectfully requests the following relief:

A. The entry of judgment on the Complaint in favor of Plaintiffs and against Defendants.

B. The entry of judgment that MSN has infringed the '284 and '833 patents under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214024 to the FDA;

C. The entry of judgment that the commercial manufacture, use, sale, offer for sale, and/or importation of MSN's ANDA Product before the expiration of the '284 and '833 patents including any patent term and regulatory extensions will constitute acts of infringement of the '284 and '833 patents by MSN;

D. The issuance of an order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 214024 shall be no earlier than the dates on which the '284 and '833 patents expire, including any patent term and regulatory extensions;

E. The issuance of an injunction under 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283, enjoining MSN, its officers, agents, servants, employees, licensees, representatives, attorneys, and all other persons acting or attempting to act in active manufacture, use, sale, offer to sell, and/or importation within the United States, of any pharmaceutical product covered by the '284 and '833 patents prior to the expiration of said patents including any patent term and regulatory extensions;

F. An award of damages or other monetary relief under 35 U.S.C. § 271(e)(4)(C) and/or 35 U.S.C. § 284 as appropriate;

G. A finding that this is an exceptional case under 35 U.S.C. § 285, and an award to Taiho of its reasonable attorneys' fees and costs; and

H. An award of any such other and further relief as the Court may deem just and proper.

ASHBY & GEDDES

By: /s/ Steven J. Balick

Steven J. Balick (#2114)
Andrew Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology, Inc.*

*Of Counsel:*

Michael D. Kaminski
Liane M. Peterson
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109
(202) 672-5300

Dated: December 23, 2019