# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MSN LABORATORIES PRIVATE LTD. and MSN PHARMACEUTICALS INC., <br><br> Defendants. | C.A. No. 19-2342-CFC <br><br><br> ███████████████ <br><br> Original Version: March 18, 2022 <br> Public Version: March 25, 2022 |

## MSN DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR *DAUBERT* MOTION TO EXCLUDE CERTAIN OPINIONS FROM DR. ALLAN S. MYERSON REGARDING INFRINGEMENT OF THE '666 PATENT BY MSN'S ANDA PRODUCT

OF COUNSEL:

Constance Huttner
Caroline Sun
Anandita Vyakarnam
WINDELS MARX LANE & MITTENDORF, LLP
One Giralda Farms, Suite 100
Madison, NJ  07940
(973) 966-3200
chuttner@windelsmarx.com
csun@windelsmarx.com
avyaknarnam@windelsmarx.com

Dated: March 18, 2022

SMITH, KATZENSTEIN & JENKINS LLP
Neal C. Belgam (No. 2721)
Eve H. Ormerod (No. 5369)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
eormerod@skjlaw.com

*Attorneys for Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

                                                                                        **Page**

TABLE OF AUTHORITIES ........................................................................................ ii, iii

NATURE AND STAGE OF THE PROCEEDINGS .................................................. 1

SUMMARY OF THE ARGUMENT .......................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT ................................................................................................................. 7

I.      LEGAL STANDARDS ................................................................................... 7

         A.      [REDACTED] ............................................................................................ 9

         B.      Dr. Myerson's Infringement Opinions Are Admittedly Based on Flawed Methodology .......................................................................... 12

CONCLUSION ............................................................................................................ 14

# TABLE OF AUTHORITIES

**Page**

*AstraZeneca AB v. Mylan Labs. Inc.*,
  490 F. Supp. 2d 381 (S.D.N.Y. 2007) ...............................................................10

*Bayer AG v. Biovail Corp.*
  279 F.3d 1340 (Fed. Cir. 2002) .........................................................................9

*In re Bendamustine Consol. Cases*,
  No. 13-2046 (D. Del., Mar. 2, 2015) ................................................................10

*Calhoun v. Yamaha Motor Corp. U.S.A.*,
  350 F.3d 316 (3d Cir. 2003) ...............................................................................8

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*,
  350 F. Supp. 2d 582 (D. Del. 2004)....................................................................7

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993)..............................................................................1, 2, 7, 8

*Elcock v. Kmart Corp.*,
  233 F.3d 734 (3d Cir. 2000) ...............................................................................9

*H. Lundbeck A/S v. Lupin Ltd.*,
  No. 18-88-LPS, 2021 U.S. Dist. LEXIS 204535 (D. Del. Oct. 5,
  2021) .................................................................................................................11

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)............................................................................................7

*Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*,
  217 F.Supp.3d 782 (D. Del. 2016)................................................................9, 11

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1997) .................................................................................8

*Par Pharm., Inc. v. Hospira, Inc.*,
  No. 17-cv-00944-JFB (D. Del., Apr. 27, 2018)..................................................9

*SmithKline Beecham Corp. v. Apotex Corp.*,
   No. 98-C-3952, 2002 U.S. Dist. LEXIS 13085 (N.D. Ill. Jul. 17,
   2002) ........................................................................................................................9

*ZF Meritor, LLC v. Eaton Corp.*,
   696 F.3d 254 (3d Cir. 2012) ....................................................................................8

Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. ("MSN") respectfully submit this brief in support of their motion to exclude certain proffered opinions of Dr. Allan S. Myerson in support of Plaintiffs Taiho Pharmaceutical Co., Ltd. and Taiho Oncology Inc.'s ("Taiho") claim for infringement of U.S. Patent No. 10,457,666 ("the '666 patent").

## NATURE AND STAGE OF THE PROCEEDINGS

In this patent infringement case, Taiho accuses MSN of infringing several patents by filing its Abbreviated New Drug Application ("ANDA") No. 214024. (D.I. 1, 18.). One of these patents is the '666 patent, which claims a specific polymorphic form of tipiracil hydrochloride.

Fact and expert discovery in this case has been completed. Trial is scheduled for July 11, 2022. (D.I. 24 at 23.) Pursuant to paragraph 19(b) of the Scheduling Order in this case (D.I. 24, as amended at D.I. 102), MSN now moves under Federal Rule of Evidence 702 to preclude Taiho from presenting certain unreliable opinions of Dr. Allan Myerson ("Dr. Myerson") concerning the '666 patent at trial.

## SUMMARY OF THE ARGUMENT

Taiho seeks to support its infringement claim at trial by offering Dr. Myerson's opinion that MSN's ANDA product contains a small amount of the claimed polymorph. Dr. Myerson bases his opinion on certain data from synchrotron x-ray powder diffraction ("XRPD") testing performed on MSN's ANDA product on

September 22-23, 2021. (*See* paragraphs 37, 62-69, and 73 of Dr. Myerson's Reply Report ("Reply Rep.") (Ex. A).) However, as discussed below, Dr. Myerson's reliance on this data is methodologically unsound because (i) ███████████████████████████████████████████████████████████████████████████████████████████; and (ii) Dr. Myerson failed to assess whether the relevant synchrotron XRPD peaks can be attributed to the claimed polymorph instead of other crystalline components in MSN's ANDA product. Therefore, Dr. Myerson's infringement opinions based on this testing should be excluded pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

## STATEMENT OF FACTS

Taiho filed this patent infringement lawsuit against MSN on December 23, 2019 in response to the filing of MSN's ANDA. (D.I. 1.) MSN's ANDA seeks approval to market a generic version ("MSN's ANDA product") of Taiho's tipiracil hydrochloride and trifluridine product, sold under the brand name LONSURF®. (*Id.* at ¶¶ 49-50.) Taiho alleges that MSN's ANDA product infringes the '666 patent because it allegedly contains detectable amounts of the claimed tipiracil polymorph called "Form I." (D.I. 18 at ¶¶ 193, 205)

2

The '666 patent issued on October 29, 2019. (D.I. 18-1 at 57.) Taiho is asserting that MSN infringes ▮▮▮▮▮▮▮▮ of the '666 patent. (Ex. B, Taiho's Second Supplemental Contentions, at 3.) The asserted claims of the '666 patent require, *inter alia*, that Form I tipiracil hydrochloride exhibits XRPD peaks at "two or more," "three or more," or all of the peaks at 11.6°, 17.2°, 17.8°, 23.3°, 27.1°, and 29.3° 2θ±0.2°. (D.I. 18-1 at 68, claims 1-3, 6-9.)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. C, Steed Responsive Rep., ¶ 82.) MSN's ANDA product also contains another API called trifluridine which is also a crystalline material. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. D, Myerson Dep. Tr. 42:20-23; 44:23-45:12.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. E, Letter from C. Sun to B. Roush, at 1-2.) MSN also provided Taiho with samples of MSN's ANDA product and placebo tablets, which contain all of the same ingredients as MSN's ANDA product with the exception of the two APIs. (*Id.*)

3



███████  (Ex. J, MSNTIP 002337-38 at 2338.)

On July 22, 2021, Dr. Myerson submitted his opening expert report regarding infringement of the '666 patent by MSN.  (Ex. K, Myerson Opening Rep.)  Dr. Myerson's opening expert report did not contain testing on MSN's ANDA product, but rather focused on ███████████████████████████████████  On November 19, 2021, Dr. Myerson submitted his reply expert report, which for the first time presented synchrotron XRPD data relating to MSN's ANDA product and new infringement opinions based thereon.  Based on this data, Dr. Myerson opined that MSN's ANDA product contained ███████████████████████████ ████████████████████████████ (Ex. A, Reply Rep., ¶ 64.)

████████████████████████████████. (Ex. A, Reply Rep., ¶ 62; Ex. L, TAI-MSN 00000147-49; Ex. M, TAI-MSN 00000150.)

████████████████████████████████████████

████████████████████████████████████████

██████ (Ex. D, Myerson Dep. Tr., at 59:13-20). ████████████████

████████████████████████████████████ (*Id.* 62:23-25, 63:2.) ████████████████

████████████████████████████████████████

████████████████████████. (*Id.* 63:14-19.)

████████████████████████

████████████████████████████████████████

████████████████████████████████. (*Id.* 59:21-60:2, 61:7-24, 215:18-218:16.) ████████████████

████████████████████████████████████████

████████████████████████████████████████

██████.[1] (*Id.*)

---

[1] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
(*Id.* 217:6-218:16.)

5

████████████████████████

Dr. Myerson also admitted at his deposition that there are other ingredients in MSN's ANDA product, aside from tipiracil hydrochloride, that are crystalline, ███████████████████████████████████████████████████████████████████. (*Id.* 42:20-23; 44:23-45:12.) Because these materials are crystalline, they would produce XRPD peaks in response to synchrotron radiation. (*Id.* 45:13-46:15.)

███████████████████████████████████████
███████████████████████████████████████
████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████

(*Id.* 46:16-47:4, 64:17-65:7.) ███████████████████████
███████████████████████████████████████
████████████████████████████████ (*Id.* 62:23-25, 63:2)

6

███████████████████████████



(*Id.* 40:9-41:5.)

(*Id.* 41:6-16.)

## ARGUMENT

### I.     LEGAL STANDARDS

In *Daubert*, the Supreme Court held that expert witnesses must provide scientifically valid reasoning for their testimony to be admissible. *Daubert*, 509 U.S. at 593; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*, 350 F. Supp. 2d 582, 587-88 (D. Del. 2004).

> *Daubert* is often described as having three prongs:
>
> First, the witness must be qualified to testify as an expert. Qualification requires "that the witness possess specialized expertise." . . . Second, the testimony must be reliable. In other words, "the expert's opinion must be based on the 'methods and procedures of science' rather than

7

on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his or her belief.' . . . Third, the expert testimony must "fit," meaning "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact."

*Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003) (citations omitted).

The holding in *Daubert* is codified in Federal Rule of Evidence 702, which allows an expert to provide opinion testimony if (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, an expert's testimony must be relevant and reliable.

"[T]he reliability analysis required by *Daubert* applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, and the link between the facts and the conclusion." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291 (3d Cir. 2012) (citation and alterations omitted). The expert must have "good grounds" for his or her belief. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (quoting *Daubert*, 509 U.S. at 589). "In cases involving scientific testimony, '[the] inquiry into the reliability of scientific evidence . . .

8

requires a determination as to its scientific validity.'" *Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000) (citations omitted).

As discussed below, Dr. Myerson's proposed expert testimony does not meet the standards for reliability and relevance because ███████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ █████████████████████████████████████

**A.** ███████████████████████████████████ ███████████████████████████

In an ANDA case, the infringement inquiry focuses on the product that will likely be marketed by the defendant if the ANDA is approved. *Bayer AG v. Biovail Corp.*, 279 F.3d 1340, 1346, 1349 (Fed. Cir. 2002). ███████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████

9

███████████████████████████████



10



11

██████████████████████████████████████████████████████████████████
████████

### B. Dr. Myerson's Infringement Opinions Are Admittedly Based on Flawed Methodology.

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████

    ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██ ████████████████████████████

████████████████████████████████████

[2] The Cambridge Structural Database ("CSD") is "the world's repository for small-molecule organic and metal-organic crystal structures" with "over one million structures from x-ray and neutron diffraction analyses" and is "an essential resource to scientists around the world." https://www.ccdc.cam.ac.uk/solutions/csd-core/components/csd/.

## CONCLUSION

For the foregoing reasons, MSN respectfully requests that the Court exclude the opinions expressed in paragraphs 37, 62-69, and 73 of Dr. Myerson's Reply Report concerning synchrotron XRPD testing of MSN's ANDA product samples to show infringement of the '666 patent.

| | |
|---|---|
| OF COUNSEL: | SMITH, KATZENSTEIN & JENKINS LLP |
| | |
| Constance Huttner | /s/ Eve H. Ormerod |
| Caroline Sun | Neal C. Belgam (No. 2721) |
| Anandita Vyakarnam | Eve H. Ormerod (No. 5369) |
| WINDELS MARX LANE & MITTENDORF, LLP | 1000 West Street, Suite 1501 |
| One Giralda Farms, Suite 100 | Wilmington, DE 19801 |
| Madison, NJ  07940 | (302) 652-8400 |
| (973) 966-3200 | nbelgam@skjlaw.com |
| chuttner@windelsmarx.com | eormerod@skjlaw.com |
| csun@windelsmarx.com | |
| avyaknarnam@windelsmarx.com | *Attorneys for Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals, Inc.* |
| Dated: March 18, 2022 | |

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations specified in D. Del. LR 7.1.3 and the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases. According to the word processing system used to prepare this document, the brief contains 3,047 words. This total excludes the cover page, signature block, the table of contents, table of authorities, and certification.

I further certify that this brief complies with the typeface requirements set forth in the Court's November 6, 2019 Standing Order Regarding Briefing in All Cases because this brief was prepared using Microsoft Word in 14-point Times New Roman font.

<div style="text-align: right;">

*/s/ Eve H. Ormerod*
Eve H. Ormerod (#5369)

</div>

## CERTIFICATE OF SERVICE

I, Eve H. Ormerod, hereby certify that on March 18, 2022, a true and correct copy of the foregoing document was served on the following counsel via email:

Steven J. Balick
Andrew C. Mayo
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

/s/ Eve H. Ormerod
Eve H. Ormerod (No. 5369)