IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAIHO PHARMACEUTICAL CO., LTD. and TAIHO ONCOLOGY, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MSN LABORATORIES PRIVATE LTD. and MSN PHARMACEUTICALS, INC., <br><br> *Defendants*. | ) ) ) ) ) ) C.A. No. 19-2342-JLH ) ) ) ) ) ) ) |

**[PROPOSED] JUDGMENT RE:
U.S. PATENT NOS. RE46,284 AND 10,457,666**

WHEREAS, Taiho commenced Civil Action No. 19-2342 against Defendants MSN Laboratories Private Ltd. and MSN Pharmaceuticals Inc. (collectively, "MSN") asserting infringement of U.S. Patent Nos RE46,284 (the "'284 patent"), 10,457,666 (the "'666 patent"), and 10,456,399 (the "'399 patent") by the products that are the subject of MSN's ANDA No. 214024;

WHEREAS, MSN stipulated that the filing of ANDA No. 214024 infringed claim 13 of the '284 patent, and that the products described in ANDA No. 214024, if approved by FDA, would infringe claim 13 of the '284 patent, but only if the claim is not proven invalid (D.I. 135);

WHEREAS, the Court conducted a two-day bench trial from March 29-30, 2023, on the validity of the '284 patent;

WHEREAS, on August 15, 2023, pursuant to Fed. R. Civ. P. 52(a)(1), the Court issued a written opinion setting forth its findings of fact and conclusions of law concluding that claim 13 of the '284 patent was not invalid (D.I. 175) (the "Court's Trial Opinion");

WHEREAS, on November 14, 2023, pursuant to the parties' stipulation (D.I. 187), the Court entered an order severing the claims and defenses relating to the '399 patent from the above-entitled action and joining them in pending Civil Action No. 21-838-JLH;

WHEREAS, following fact and expert discovery on the '666 patent, Taiho narrowed its claim of infringement against MSN to claim 3 of the '666 patent. MSN did not contest the validity of the '666 patent. Accordingly, the Court conducted a two-day bench trial from April 8-9, 2024, on the infringement of claim 3 of the '666 patent;

WHEREAS, on January 23, 2025, the Court issued a written opinion setting forth its claim construction of the term "purity," in favor of MSN's proposed construction (D.I. 262) (the "Claim Construction Opinion");

WHEREAS, Taiho represented to the Court that if "purity" were construed as MSN argued, there would be no infringement of claim 3 of the '666 patent.

Accordingly, subject to Taiho's position that the term "purity" has been construed incorrectly and reserving all rights to appeal this final judgment based on the Claim Construction Opinion, Taiho now stipulates that based on the Claim Construction Opinion, the product described in MSN's ANDA No. 214024 does not infringe claim 3 of the '666 patent; and

NOW, THEREFORE, all pending claims, counterclaims and defenses in the above-entitled action have been fully adjudicated, a final judgment in this action should issue as follows.

**IT IS HEREBY ORDERED AND ADJUDGED:**

A.   **THE '284 PATENT**

1. Judgment shall be entered in favor of Taiho and against MSN on Taiho's claim of infringement with regard to claim 13 of the '284 patent.

2. Judgment shall be entered against MSN on its First Counterclaim for Declaration of Invalidity of the '284 Patent and its Second Counterclaim for Declaration of Non-Infringement of the '284 Patent (D.I. 20 at 60-63).

3. Judgment shall be entered in favor of Taiho and against MSN that claim 13 of the '284 patent is not invalid for the reasons set forth in the Court's Trial Opinion.

4. MSN has infringed claim 13 of the '284 patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 214024 to the FDA ("MSN's ANDA").

3

5.     Pursuant to 35 U.S.C. § 271(e)(4)(B), MSN, together with its affiliates and subsidiaries, and all officers, agents, servants, employees, and attorneys, and all persons and entities in active concert or participation or privity with any of them, and their successors and assigns, is hereby enjoined from engaging in the commercial manufacture, use, or sale within the United States of the products described in MSN's ANDA ("MSN ANDA Products") or the active pharmaceutical ingredients thereof, from offering to sell the MSN ANDA Products or the active pharmaceutical ingredients thereof within the United States, or from importing the MSN ANDA Products or the active pharmaceutical ingredient thereof into the United States before the expiration of the '284 patent on September 22, 2029.

6.     Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval by FDA of MSN's ANDA shall be a date which is not earlier than September 22, 2029.

7.     Pursuant to 21 CFR §314.107(e), MSN shall notify FDA in writing of the Court's Trial Opinion finding that claim 13 of the '284 patent is valid and that MSN's ANDA infringes claim 13 of the '284 patent, and provide Taiho with copies of such notice.

8.     Except as provided above and subject to all rights of appeal, all claims and counterclaims related to the '284 patent are withdrawn and dismissed with prejudice.

**B.     THE '666 PATENT**

1. Judgment shall be entered for MSN and against Taiho on Taiho's claim for infringement of claim 3 of the '666 patent.

2. Judgment shall be entered for MSN and against Taiho on MSN's Eighth Counterclaim for Declaration of Non-Infringement of claim 3 of the '666 Patent (D.I. 20 at 68-69).

3. Pursuant to 21 CFR §314.107(e), MSN shall notify the FDA in writing of the Court's Claim Construction Opinion finding that claim 3 of the '666 patent is not infringed and provide Taiho with copies of such notice.

4. Except as provided above and subject to all rights of appeal, all claims and counterclaims related to the '666 patent are withdrawn and dismissed with prejudice.

SO ORDERED this  31st  day of     January         , 2025.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　JUDGE JENNIFER L. HALL
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE